**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| S.L.,[1] § § Plaintiff. § § v. § § COMMISSIONER OF SOCIAL § SECURITY, § § Defendant. § | CIVIL ACTION NO. 3:25-cv-00012 |

## OPINION AND ORDER

Plaintiff S.L. seeks judicial review of an administrative decision denying his applications for disability and disability insurance benefits under Title II, and for supplemental security income under Title XVI, of the Social Security Act (the "Act"). S.L. and Defendant Frank J. Bisignano, the Acting Commissioner of the Social Security Administration (the "Commissioner"),[2] have submitted briefing addressing the factual and legal issues involved in this matter. *See* Dkts. 11, 15, and 18. After reviewing the briefing, the record, and the applicable law, I affirm the Commissioner's decision.

## BACKGROUND

On February 10, 2022, S.L. filed a Title II application for disability and disability insurance benefits, and a Title XVI application for supplemental security

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions. This court has taken that guidance a step further in the interest of claimant's privacy and will use only initials in public opinions.

[2] Bisignano became the Commissioner of Social Security on May 7, 2025. Bisignano is "automatically substituted" as the defendant in this suit. Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

income, alleging disability beginning February 1, 2022. His applications were denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing. Following the hearing, the ALJ issued a written decision finding that S.L. was not disabled. S.L. filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir.

1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that "there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity." Dkt. 8-3 at 18.

The ALJ found at Step 2 that, S.L. "has the following severe impairments: coronary artery disease (CAD); internal carotid artery (ICA) disease; peripheral arterial disease (PAD); diabetes (DM); sleep apnea (OSA); obesity; anxiety; and depression." *Id*. The ALJ also found that S.L's vision issues were non-severe impairments. *See id.*

After reviewing the "paragraph B" criteria at Step 3,[3] the ALJ found that S.L. had a moderate limitation in concentrating, persisting, or maintaining pace

---

[3] "The severity of 'mental disorders' is measured using medical criteria ('paragraph A'), functional criteria ('paragraph B'), and an analysis of 'serious and persistent mental disorders' ('paragraph C')." *Vigil v. Berryhill*, No. EP-17-cv-0242, 2018 WL 3233345, at

("CPP"), and mild limitations in understanding remembering or applying information; interacting with others; and adapting or managing oneself. *See id.* at 22. The ALJ found that none of S.L.'s impairments met any of the Social Security Administration's listed impairments. *See id.* at 20.

Prior to consideration of Step 4, the ALJ determined S.L.'s RFC as follows:

> [S.L.] has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl. He can frequently finger with bilateral upper extremities. He requires a cane to ambulate. He can understand, remember, and carryout detailed but not complex instructions.

*Id.* at 23.

At Step 4, the ALJ found that S.L. "is unable to perform any past relevant work." *Id.* at 32.

At Step 5, however, the ALJ found that S.L. "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." *Id.* Specifically, the ALJ found that S.L. acquired skills from his past relevant skilled work as a restaurant manager that would transfer to the semi-skilled occupations of customer service clerk, hotel clerk, and administrative clerk. *See id.* at 33.

Accordingly, the ALJ found that S.L. "has not been under a disability, as defined in the Social Security Act, from February 1, 2022, through [June 24, 2024]." *Id.* at 33.

---

*2 (W.D. Tex. July 2, 2018) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(a)–(c)). A claimant's mental disorder satisfies "paragraph B" when it results in one "extreme" or two "marked" limitations in the following "areas of mental functioning a person uses in a work setting": (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(b).

# DISCUSSION

This appeal presents two issues for my review: (1) "Whether remand is required because the [ALJ] failed to account for [S.L.'s] found moderate limitations in concentration, persistence, or pace"; and (2) "Whether remand is required because the ALJ failed to engage in the legally required analysis of transferability of skills." Dkt. 11 at 1. Addressing each of these issues in turn, I find that remand is not required.

## A. THE ALJ ADEQUATELY CONSIDERED S.L.'S MODERATE CPP LIMITATION

At Step 2, the ALJ found that S.L.'s medically determinable mental impairments of anxiety and depression were severe. At Step 3, the ALJ found that S.L. had a moderate CPP limitation, and mild limitations in the remaining paragraph B criteria. S.L. does *not* take issue with the ALJ's analysis of the paragraph B criteria or her Step 2 and 3 findings. Rather, S.L. contends that the ALJ's decision is not supported by substantial evidence because "the ALJ's RFC finding is inconsistent with the ALJ's own prior finding of severe mental impairments with respect to the moderate limitation in CPP." Dkt. 11 at 5. I disagree.

Substantial evidence supports the ALJ's RFC, and S.L. has not shown otherwise. At the outset I note that, while the ALJ assessed a moderate limitation in CPP, the limitation clearly concerns only persisting and maintain pace, not concentrating. This is because S.L. "testified that chronic pain contributes to depression, and the conditions limit his ability to move about like he used to and/or remain active. However, he reported being able to pay attention all day" and S.L.'s "***[e]xaminations showed good attention and concentration***." Dkt. 8-3 at 22 (emphasis added). Yet, S.L. complains that "there is no limitation whatsoever in [his] RFC on the ability to understand, carry out and remember **SIMPLE** instructions." Dkt. 11 at 5.

5

It is not clear to me why there should be a limitation on S.L.'s ability to understand, carry out, and remember simple instructions. S.L.'s moderate CPP limitation derives from the fact that his "chronic pain contributes to depression, and the conditions limit his ability to move about like he used to and/or remain active." Dkt. 8-3 at 22. There is nothing in the record to suggest that S.L. cannot understand, remember, and carryout detailed but not complex instructions. To the contrary, there is a medical opinion in the record that supports this determination. *See id.* at 31 ("Margaret Meyer, M.D., opined [S.L.] could understand, remember, and carryout detailed but not complex instructions, make decisions, attend and concentrate for extended periods, accept instructions, and respond appropriately to changes in routine work setting."). This is substantial evidence that supports the ALJ's RFC. *See Mary C. R. v. Kijakazi*, No. 3:20-cv-00286, 2021 WL 4476764, at *6 (N.D. Tex. Sept. 30, 2021) (collecting "numerous other cases" within the Fifth Circuit where courts have held that an ALJ's mental-RFC determination that a claimant could understand, remember, and carryout detailed but not complex instructions was not contrary to the ALJ's finding of a moderate CPP limitation). Because the ALJ properly considered and accounted for S.L.'s moderate CPP limitation, remand is not warranted.

**B.   THE ALJ'S PROPERLY ANALYZED THE TRANSFERABILITY OF S.L.'S SKILLS**

At the administrative hearing, the ALJ elicited testimony from the vocational expert ("VE") regarding S.L.'s past relevant work. The VE testified that S.L. had past relevant work as a restaurant manager (skilled, light). The VE also testified that a person who performed this job acquires the following skills that transfer to light, semi-skilled occupations: "Communication, service orientation, coordination, instructing, decision making, recordkeeping, inventory management, scheduling, monitoring, problem solving, time management." Dkt. 8-3 at 65. The VE testified that such a person could, for example, perform the job of hotel clerk with approximately 415,000 jobs in the

6

national economy. *See id.* The ALJ relied on the VE's testimony to determine that, although S.L. could not perform his past relevant skilled work, he gained skills that would transfer to semi-skilled jobs "with only some adjustments." *Id.*

     S.L. argues that remand is required because the ALJ failed to engage in the legally required transferability of skills analysis. In making this argument, S.L. misinterprets 20 C.F.R § 404.1568(d)(2). S.L. argues that skill transferability is possible only when the "'other jobs': (1) require the same or a lesser degree of skill; (2) the same or similar tools and machines are used; and (3) the same or similar raw materials, products, processes, or services are involved." Dkt. 11 at 6 (citing § 404.1568(d)(2)). "While [S.L.] quotes the section of the regulation that potentially supports his argument, he ignores the next subsection, which states that 'a complete similarity of all three factors is not necessary for transferability.'" *Spain v. Soc. Sec. Admin.*, No. CV 21-2367, 2023 WL 1786722, at *4 (E.D. La. Jan. 18, 2023) (quoting 20 C.F.R. § 404.1568(d)(3)). "Thus, to the extent that [S.L.] suggests the job[s] of [customer service clerk, hotel clerk, and administrative clerk are] not exactly like any of his past relevant work, such argument is unconvincing and does not undermine the substantial evidence, in the form of VE testimony, that supports the ALJ's decision." *Id.*

     S.L. also argues that the Work Field ("WF") codes and the Materials, Productions, Subject Matter, and Services ("MPSMS") codes for a customer service clerk, hotel clerk, or administrative clerk differ from those of S.L.'s past relevant work as a restaurant manager, and the ALJ thus erred when he found that S.L.'s transferable skills could apply to employment as a customer service clerk, hotel clerk, or administrative clerk. S.L. "cites no legal authority to support this argument. To the contrary, the only cases that the Court has identified on this issue have universally rejected [S.L.]'s argument." *See Spain*, 2023 WL 1786722, at *4 (collecting cases). Simply put, there is no error in the ALJ's transferability of skills analysis, and the ALJ's Step 5 findings are supported by substantial evidence.

## CONCLUSION

For the reasons discussed above, I affirm the Commissioner's decision.

A final judgment will issue separately.

SIGNED this 17th day of December 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE